UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KIM M., | ) | |
| | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | 1:21-cv-00133-GZS |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
|    Defendant | ) | |

**ORDER ON MOTION TO AMEND RECOMMENDED DECISION AND FOR CLARIFICATION OF RECOMMENDED DECISION**

Plaintiff applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act on October 15 and 25, 2018. (R. 86, 94, 283-96.) In a decision dated August 14, 2020, the Administrative Law Judge (ALJ) determined that Plaintiff's "earliest possible onset date would be February 23, 2018," and denied Plaintiff's applications. [1] (R. 12.) In December 2021, after this action was filed seeking review of the ALJ's decision, Defendant partially granted Plaintiff's subsequent application for social security disability benefits, finding Plaintiff disabled and eligible for benefits as of June 1, 2020. (*See* ECF No. 32-1.)

---

[1] Plaintiff previously applied for benefits in February 2016, alleging a disability onset date of August 26, 2014. (R. 94, 128.) Defendant awarded Plaintiff a closed period of benefits for the period July 16, 2016 through October 10, 2017. (R. 128-50.) Plaintiff did not appeal from the decision. (R. 12.) At the administrative hearing level in this matter, Plaintiff sought to reopen the prior claim, which request the ALJ denied. (*Id*.) The ALJ found Plaintiff's disability onset date to be February 23, 2018, which is the day after the date of the prior ALJ decision. (*Id*.)

On January 4, 2021, I recommended the Court vacate the ALJ's decision and remand the matter for further proceedings. (Report and Recommended Decision, ECF No. 31.) Plaintiff moves to amend the Report and Recommended Decision (Motion, ECF No. 32) to "limit the scope of the remand to the period that the parties agree is relevant, the period adjudicated by the ALJ, from February 23, 2018 to August 14, 2020."[2] (Plaintiff's Reply, ECF No. 34.) Plaintiff is concerned that without such a limitation, Defendant "may not merely deny benefits on the remand but … prospectively terminate ongoing benefits …." (Motion at 2.)

"Although Defendant's regulations provide that when a federal court remands a case to the commissioner for further consideration, '[a]ny issues relating to [the] claim may be considered by the administrative law judge whether or not they were raised in the 'administrative proceedings leading to the final decision in your case,' 20 C.F.R. § 416.1483, 'it is well established that district courts have the power to limit the scope of remand in this kind of case and that the [Social Security Administration]—notwithstanding its regulations—must abide by the court's limiting instructions.'" *Travis H. v. Saul*, No. 1:19-cv-00374-NT, 2020 WL 3128906, at *2 (D. Me. June 12, 2020) (quoting *Steele v. Astrue*, No. 2:09–cv–548–DBH, 2011 WL 4635136, at *1 (D. Me. Oct. 5, 2011) (*aff'd*,

---

[2] Plaintiff originally requested a different time limitation. (Motion at 1, 3.) One of the dates Plaintiff originally requested as an end-date for the scope of remand was May 30, 2020, the day prior to the date Defendant found Plaintiff became disabled. (Motion at 2-3.) Defendant objected to limiting the scope of remand to that date, which would bar any consideration of the period between May 31, 2020, and August 14, 2020, arguing that with such a limitation, the Court "would necessarily 'affect[] a later application for benefits' … even though that is part of 'the period at issue in this appeal.'" (Response at 3-4, quoting *Heather B. v. Saul,* No. 2:19-cv-00484-JDL, 2020 WL 5106585, at *2 (D. Me. Aug. 31, 2020) (*aff'd*, Oct. 21, 2020).) Plaintiff agreed that August 14, 2020 is the proper end date for the scope of remand. (Reply at 1.)

Oct. 25, 2011) (citation and internal quotation marks omitted)).  *See also, e.g., Dishman v. Colvin*, No. 2:16-cv-00082-JAW, 2017 WL 238419, at *1 (D. Me. Jan. 19, 2017); *Warner v. Astrue*, Civil No. 09-cv-324-JL, 2010 WL 22666874, at *1 (D.N.H. June 3, 2010); *Healy v. Berryhill*, 266 F. Supp. 3d 477, 478-89 (D. Mass. 2017) (collecting cases).

Defendant does not dispute that the Court "'has the jurisdiction to limit the scope of remand to the period at issue in this appeal[.]'"  (Response at 1, quoting *Heather B. v. Saul*, No. 2:19-cv-00484-JDL, 2020 WL 5106585, at *2 (D. Me. Aug. 31, 2020) (*aff'd*, Oct. 21, 2020).)  Defendant also observes that limiting the scope of remand to the period beginning on February 23, 2018 and ending on August 14, 2020 "is not controversial and is consistent" with the Court's holding in *Heather B*. (*Id*.)  (Response at 3.)  Defendant argues, however, that this case presents an unusual circumstance:  because the ALJ determined that Plaintiff was not disabled as of August 14, 2020, while Defendant determined, pursuant to Plaintiff's subsequent application, that she was disabled as of June 1, 2020, there is overlap between the periods of nondisability and disability in the total period under review by the Court.  Defendant contends the Court should not limit the period under review upon remand because "the better course of action would be to allow the agency to address the conflict [in the 75-day period during which Defendant has determined Plaintiff to be nondisabled pursuant to one decision and disabled pursuant to another] as it determines [what] is most appropriate and efficient, including the context of the remand of the present action."  (Response at 4-5.)

Given the history of Plaintiff's multiple applications and given the overlap, without an amendment or clarification, some confusion could arise on remand.  I can discern no

3

prejudice to Defendant if the Recommended Decision is amended to limit the review on remand to the period the parties agree is relevant. Accordingly, "in keeping with this court's precedent when claimants have raised similar concerns," *Dishman*, 2017 WL 238419, at *1, I grant Plaintiff's motion and clarify the recommended decision to provide that proceedings on remand of the ALJ's August 14, 2020, decision be limited to the period from February 23, 2018, through August 14, 2020.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of February, 2022